O’Neall, J.
1st. The first ground taken for a non-suit was decided in the case of Browning v. Huff (2 Bail. 179.) The execution here was omitted to be produced, in the same way, that the record of the let-0f administration was, in the case of Browning v. Huff; and as in that case, the Judge had the right to permit the omission to be supplied even after the motion for a nonsuit was made and argued, and the opinion of the Judge expressed, but the order not made.
2nd. The second ground proceeds upon a very plain and familiar principle of law, that where the plaintiff having the general right of property in a chattel, has *405 parted with the right to possession for a limited time, that trespass will not lie. But 1 think that will not avail the defence in this case. The plaintiff had both the right of property, and also the right to immediate possession. In such a case, notwithstanding the actual possession was in another, yet the plaintiff might maintain trespass. For the right of property with the right to immediate possession, made the plaintiff in contemplation of law constructively in possession of the goods. Holt was but the plaintiff’s bailee to take care of them, and his possession was that of the plaintiff. • Either might maintain trespass. Steedman v. M’Neill, 1 Hill Rep. 194.
Herndon, for the motion.
Upon the facts of the case, and the authority of Smith v. Henry, 1 Hill 16 I should have been inclined to hold this a case of legal fraud, and that the plaintiff was not entitled to recover, had it not been for two circumstances. They are, that it may be, from aught that appears from the Judge’s report, that the debt, for which the colt was sold, was contracted subsequent to Poole’s purchase, with notice of his right; which may, I think, be fairly inferred from the facts reported, viz. that the creditor knew that the mare belonged to Poole; and that the levy was made without his consent and against his will. I am hence reconciled to the verdict.

The motion is dismissed.

Johnson & Harper, Js. concurred.
Ogior v. Deas, 1 Bail. 473.